

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-6784

Re: Under the facts submitted, does the county auditor of Gregg County have the authority to reject bills for repair of automobile belonging to an inventory clerk; if so, has the County Clerk authority to issue and deliver a warrant not approved by the auditor?

Your request for our opinion on the above question reads as follows:

"The Commissioners' Court passed the following order January 8, 1945:

"'A motion was made by Merritt H. Gibson, and seconded by Hugh Camp to employ Ted Ryder to make and maintain an inventory of properties belonging to Gregg County. Said employment is effective as of January 1, 1945, at a salary of $200 per month and $50 per month, car, and on official business he has the authority of receiving oil and gas at the county pump. The Clerk is directed to issue his warrants out of the General Fund for the payment of said salary and car expense. The motion being put to a vote, Commissioners Pliler, Sheppard, Camp and Bean voting "Aye".'

"No appropriation was made at the time or since to cover the salary or expense and no such item was included in the original budget. The above order is the entire record.

Hon. R. S. Wyche,   page 2

"Facts:  Mr. Ryder sent car repair bills to my
office.  These bills were approved and also warrants
for $50.  The bills were each time slightly more than
$50.  The last such bill was rejected and the warrant
was not approved by me.

"The Clerk issued the warrant and the warrant
was delivered to Mr. Ryder.  Mr. Ryder has deposited
the warrant without my approval.

"In my judgment there is no car expense incident
to the conduct of his duties and he is not driving any
car except to go to and from the courthouse to his home.

"Question 1:  Have I the authority to reject the
bills for this car expense?

"Question 2:  Has the Clerk authority to issue and
deliver a warrant which has not been approved by me in
the instant case?"

Article 1651, Vernon's Annotated Civil Statutes, is as
follows:

"The auditor shall have a general oversight of
all the books and records of all the officers of the
county, district or State, who may be authorized or
required by law to receive or collect any money,
funds, fees or other property for the use of, or
belonging to, the county; and he shall see to the
strict enforcement of the law governing county
finances."

Article 1660 of said statutes is as follows:

"All claims, bills and accounts against the
county must be filed in ample time for the auditor
to examine and approve same before the meetings of
the commissioners court.  No claim, bill or account
shall be allowed or paid until it has been examined
and approved by the county auditor.  The auditor
shall examine the same and stamp his approval
thereon.  If he deems it necessary, all such ac-
counts, bill or claims must be verified by affi-
davit touching the correctness of the same.  The
auditor is hereby authorized to administer oaths
for the purposes of this law."

Hon. R. S. Wyche, page 3

Article 1661 of said statutes is as follows:

"He (the auditor) shall not audit or approve
any such claim unless it has been contracted as pro-
vided by law, nor any account for the purchase of
supplies or materials for the use of said county or
any of its officers, unless, in addition to other
requirements of law, there is attached thereto a
requisition signed by the officer ordering same
and approved by the county judge. Said requisi-
tion must be made out and signed and approved in
triplicate by the said officers, the triplicate
to remain with the officer desiring the purchase,
the duplicate to be filed with the county auditor,
and the original to be delivered to the party from
whom said purchase is to be made before any purchase
shall be made. All warrants on the county treasurer,
except warrants for jury service, must be counter-
signed by the county auditor."

It is our opinion that the above statutes give you au-
thority to reject the repair bills referred to, if they have not
been contracted as provided by law.

Article 2351 of said statutes, provides in part as follows:

"Each commissioners court shall:

". . .

"10. Audit and settle all accounts against the
county and direct their payment.

". . ."

Article 1940 of said statutes, which has to do with the
duties of the county clerk, is as follows:

"They shall be ex-officio clerks of the commis-
sioners court."

Article 2345 of said statutes provides as follows:

"The county clerk shall be ex-officio clerk of
the commissioners court; and he shall attend upon each
term of said commissioners court; preserve and keep
all books, papers, records and effects belonging thereto,
issue all notices, writs and process necessary for the
proper execution of the powers and duties of the com-
missioners court, and perform all such other duties as
may be prescribed by law."

818

Hon. R. S. Wyche,   page 4

Article 3932 of said statutes provides that the county clerk shall be paid for certain named ex-officio services, and included therein is issuing county warrants, so it is evidently the duty of the county clerk to issue county warrants. Under these statutes, the county clerk, acting under the direction of the commissioners' court, is authorized to issue county warrants in payment of claims that have been passed upon by the commissioners' court, but he is not authorized to issue and deliver a warrant that the commissioners' court itself had no authority to order issued.

The first requirement of the statutes hereinabove referred to is that all such claims, such as those here under consideration, be filed in ample time for the auditor to examine and approve same before the meeting of the commissioners' court. And further, that no claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor.

In the case of Anderson v. Ashe, 90 S. W. 872, the Supreme Court had under consideration certified questions from the Court of Civil Appeals in a suit by the sheriff of Harris County against the county auditor to compel him by mandamus to officially countersign a county warrant that had been issued to the sheriff by order of the commissioners' court for certain items of indebtedness which the commissioners' court had adjudged to be lawful and just and had allowed. It was shown that the claim for which said warrant was issued had been presented to the county auditor before it was approved by the commissioners' court, and he refused to approve it on the ground that, in his judgment, the county was not legally liable therefor. In holding that the county auditor, when called upon to countersign the warrant, had the right to inquire into the validity of the claim or account in discharge of which it was issued and to refuse to countersign it if he concluded that the claim, or any part of it, was not a proper charge against the county, and to refuse to countersign the warrant because he had not theretofore approved the claim, the court laid down the following rules of law:

"To the second and third questions we answer that the county commissioners' court had no power to allow the claim after it had been presented to, examined, and disapproved by the auditor. The act of the Twenty-Ninth Legislature (Laws 1905, p. 381, c. 161) authorizes the appointment of an auditor in any county in which there may be a city of 25,000 population and provides as follows:  'Sec. 15. All claims, bills and accounts against the county must

Hon. R. S. Wyche, page 5

be filed in ample time for the auditor to examine
and approve same before the meeting of the commis-
sioners' court, and no claim, bill or account shall
be allowed or paid until same shall have been
examined and approved by the county auditor. It
shall be the duty of the auditor to examine and
stamp his approval thereon,' etc. Laws 29th Leg.
p. 383, c. 161. The language quoted is mandatory,
and makes the approval of the auditor a condition
precedent to the exercise of jurisdiction over the
claim by the commissioners' court. 20 Am. & Eng.
Ency. Law, p. 635; Stayton v. Mulings, 7 Ind. 144;
State v. Hilmantel, 21 Wis. 574. It follows that
the order of the commissioners' court allowing the
claim, which was made after the rejection of the
claim by the auditor, was void, and the auditor
was authorized to refuse to countersign the war-
rant which was issued under such order."

In the case of Wyatt Metal & Boiler Works v. Lipscomb,
87 S. W. (2d) 331, writ refused, the court had under considera-
tion a suit by appellant against appellee, who was county
auditor of Fannin County, to mandamus him and require his ap-
proval of a claim against said county and require him to counter-
sign the warrant in payment of such claim. The material facts
of this case and the holding of the court thereon were as fol-
lows:

"This claim was refused by the auditor for the
reason that the material had not been lawfully ac-
quired. The price paid had never been submitted to
him before it was bought and approved by the com-
missioners' court; that the bid was not the lowest
and best bid; that there had been no material at all
delivered since the bid was made; that there had
never been any requisition for any of the material
signed by any commissioner or approved by the county
judge or approved by the county auditor, and for the
further reason that, in his judgment and discretion
in the matter, the claim should not be approved. Not-
withstanding the auditor's refusal to approve the
claim, the county commissioners' court approved the
same and ordered the county auditor to issue an
interest-bearing warrant in settlement of it. The
auditor having refused to approve the claim and to
issue the warrant, this suit was brought in the

district court of Fannin county by the Wyatt Metal & Boiler Works to mandamus the county auditor of Fannin county and require his approval of the claim and to require him to countersign the warrant in payment of such claim.

"On the hearing before the court judgment was entered denying the Wyatt Metal & Boiler Works the relief prayed for, to which judgment said company excepted and has duly prosecuted its appeal to this court by writ of error.

"We have concluded that the trial court entered the proper judgment in this case. In counties having a county auditor, as in this case, all claims against the county of the class here involved are required to be filed with the auditor and approved by him before the same may be allowed by the commissioners' court of the county, and if the account is not approved by the county auditor, the commissioners' court has no jurisdiction to allow the claim. Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872; Falls County v. Bozeman (Tex. Civ. App.) 249 S. W. 890; Wentis v. Montague County, 50 Tex. Civ. App. 403, 110 S. W. 161."

Since the commissioners' court is without authority to allow such claim over the disapproval of the county auditor, it is our opinion that the county clerk does not have authority to issue and deliver a warrant which has not been approved by the county auditor under the facts stated.

For your information we hand you herewith copies of our Opinions Nos. 0-6663 and 0-6220.

APPROVED SEP 5 1945

FIRST ASSISTANT
ATTORNEY GENERAL

J.B:LJ
encls.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY Jas. W. Bassett
Jas. W. Bassett
Assistant



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN